# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Estate of Connor Golembiewski, deceased, by Michael Golembiewski as Administrator ad Prosequendum of the Estate, Michael Golembiewski and Veronika Golembiewski, individually, | : : : : : : : | No.: 3:20-CV-01121 (Honorable Christopher C. Conner) |
| Plaintiffs, | : : | |
| v. | : : : | JURY TRIAL DEMANDED |
| Tuthill Corporation (d/b/a Blue Mountain Resort), John Does 1-10, ABC Companies 1-10, John Does 11-20, ABC Companies 11-20, John Does 21-50, ABC Companies 21-50, and Manny Moes 1-10, | : : : : : : : | |
| Defendants. | : | |

## ORDER

And now, on this _____ day of _____, 2020, upon the Petition to Approve the Wrongful Death Settlement, and with the concurrence of all counsel, the Court hereby **APPROVES** the settlement distribution.

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Estate of Connor Golembiewski, deceased, by Michael Golembiewski as Administrator ad Prosequendum of the Estate, Michael Golembiewski and Veronika Golembiewski, individually, | No.: 3:20-CV-01121 (Honorable Christopher C. Conner) |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| Tuthill Corporation (d/b/a Blue Mountain Resort), John Does 1-10, ABC Companies 1-10, John Does 11-20, ABC Companies 11-20, John Does 21-50, ABC Companies 21-50, and Manny Moes 1-10, | |
| Defendants. | |

## PETITON FOR THE APPROVAL OF SETTLEMENTOF WRONGFUL DEATH AND SURVIVAL ACTIONS

Michael Golembiewski, individually and as Administrator ad Prosequendum of the Estate of Connor Golembiewski, and Veronkia Golembiewski, individually, respectfully submit the following Petition to Approve the Wrongful Death Settlement and in support thereof state:

1. On January 1, 2019, Connor Golembiewski was skiing at Blue Mountain Resort which is owned and operated by The Tuthill Corporation.

2. While riding the chair lift, Connor Golembiewski fell from the lift

chair to the ground, a height of approximately twenty to twenty-five feet.

3. Connor Golembiewski was under eighteen (18) at the time.

4. Connor Golembiewski was a New Jersey resident.

5. Michael and Veronkia Golembiewski are New Jersey residents.

6. Plaintiffs began their lawsuit in the District of New Jersey on September 20, 2019.

7. The case was transferred to the Middle District of Pennsylvania on June 30, 2020 after the Tuthill Corporation filed a motion to dismiss.

8. It was discovered that Connor Golembiewski and his companion rode the chair lift with the safety bar lifted up. While on the chair lift a third time, Connor Golembiewski, by all witness accounts slumped to his side, and then slipped off the chairlift. Defendants' employees came to Connor Golembiewski's aid and transported him down the mountain to waiting medical transport. Despite these efforts, Connor Golembiewski died on January 1, 2019.

9. The parties came to a settlement in August 2020 wherein it was agreed that the case would be settled for the total sum of $20,000.00.

10. Plaintiffs signed a release which was received on September 1, 2020.

11. Michael Golembiewski and Veronkia Golembiewski, in consultation with their counsel, agree that the settlement is in the best interests of the estate.

12. Michael Golembiewski and Veronkia Golembiewski are the sole heirs

of Connor Golembiewski as his parents.

13. There are no debts owed by the Estate of Connor Golembiewski.

14. There are no medical liens owed by the Estate of Connor Golembiewski.

15. The settlement funds will be distributed under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 et seq., as follows:

Wrongful Death Damages - $20,000.00

Survival - $0

16. Counsel's fee is $4,629.42 and costs are $6,111.73.

17. Michael Golembiewski, as Administrator ad Prosequendum of the Estate of Connor Golembiewski, requests that the Court allow him to pay from the Estate's funds any taxes owed by the Estate under New Jersey law.

18. Michael Golembiewski, as Administrator ad Prosequendum of the Estate of Connor Golembiewski, requests that the Court allow him to pay from the Estate's funds any funds paid for the funeral and/or the costs of raising the estate.

19. As Plaintiffs are citizens of New Jersey, the Pennsylvania Department of Revenue does not need to review this settlement under Pennsylvania law to approve the distribution of the settlement.

20. Defendant concurs in the filing of this petition.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter

an order in the form attached, approving the settlement for this matter.

Respectfully submitted,

**VLASAC & SHMARUK, LLC**

/s/ John M. Vlasac, Jr.
John M. Vlasac, Jr., Esquire
NJ ID No. 020042000
485 B Route 1 South, Suite 120
Iselin, NJ 08830
(732) 494-3600 telephone
(732) 494-3601 facsimile
*Counsel for Plaintiffs*

**CIPRIANI & WERNER, P.C.**

/s/ William M. Brennan
William M. Brennan, Esquire
PA ID No. 306930
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Counsel for Defendant*