IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF C.G.,** *et al.*,[1] | : | CIVIL ACTION NO. 3:20-CV-1121 |
| | : | |
| **Plaintiffs** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **TUTHILL CORPORATION,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 7th day of December, 2020, upon consideration of the concurred petition (Doc. 24) to approve the settlement of wrongful death and survival actions by plaintiff Michael Golembiewski, individually and as Administrator ad Prosequendum of the Estate of C.G., and plaintiff Veronika Golembiewski, individually (together, "plaintiffs"), and the court observing that federal courts follow the procedures in place in state court to determine whether to

---

[1] Review of the pleadings and other documents of record in this action reveals that counsel have used the full name of the minor without redaction and without abbreviation as required by Local Rule of Court 5.2(d). Rule 5.2(d) provides that, when "involvement of a minor child must be mentioned, only that child's initials shall be used." M.D. PA. L.R. 5.2(d). To preserve the anonymity of the minor, the undersigned has ordered the Clerk of Court to seal the docket in the above-captioned action forthwith. The court refers to the minor by their initials herein.

approve a settlement or compromise involving an estate,[2] see, e.g., Tamasy v. Yough Sch. Dist., No. 2:18-CV-01236-NR, 2019 WL 5864893, at *1-3 (W.D. Pa. Nov. 8, 2019); Williams v. Papi, No. 3:13-CV-01151, 2018 WL 8333367, at *1-2 (M.D. Pa. July 17, 2018); Rodi v. Williams, No. CIV.A. 4:12-1379, 2015 WL 1863006, at *1-3 (M.D. Pa. Apr. 23, 2015); see also Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 667-68 (E.D. Pa. 2000) (procedures for approving minor settlement), and further that all compromises or settlements made involving an estate must be judicially authorized, see 20 PA. CONS. STAT. § 3323, and that "court approval and apportionment of funds between survival and wrongful death claims is required to finalize settlement," Campbell v. A.O. Smith Corp., No. 663 WDA 2015, 2016 WL 1625766, at *3 (Pa. Super. Ct. Apr. 25, 2016) (nonprecedential) (citing Schuster v. Reeves, 589 A.2d 731, 734-35 (Pa. Super. Ct. 1991); Moore v. Gates, 580 A.2d 1138, 1142 (Pa. Super. Ct. 1990)), and that the purpose of Rule 3323 is to apprise the court of all facts necessary to determine the adequacy of the proposed settlement and thereby "protect the estate, as well as the creditors and beneficiaries thereof," Schuster, 589 A.2d at 734 (quoting Moore, 580 A.2d at 217); see also Krause v. B & O R.R., 33 Pa. D. & C. 3d 458, 466 (Pa. Ct. Com. Pl. 1983) (settlement must be "fair and reasonable under the circumstances"), and the court noting that there are no debts

---

[2] Because the transferor court concluded that it lacked personal jurisdiction and that venue was thus improper, Estate of Golembiewski v. Tuthill Corp., No. CV1918096MASTJB, 2020 WL 3546676, at *4 (D.N.J. June 30, 2020), the law of the transferee's forum applies, Goellner-Grant v. JLG Indus., Inc., No. 1:19-CV-244, 2019 WL 5721815, at *3 & n.2 (M.D. Pa. Nov. 5, 2019) (Conner, C.J.) (collecting cases). Pennsylvania substantive law therefore applies in this action.

or medical liens owed by the Estate, (Doc. 24 ¶¶ 13-14), and that Michael Golembiewski (in his capacity as C.G.'s heir, parent, and Administrator ad Prosequendum of the Estate of C.G.) and Veronika Golembiewski (in her capacity as C.G.'s heir and parent) agree to the settlement and believe it to be "in the best interests of the estate," (id. ¶ 11), and the court concluding that the proposed allocation of funds is adequate, fair, and reasonable, and also that the amounts to be paid for attorney fees and costs are adequate, fair, and reasonable, it is hereby ORDERED that:

1. Plaintiffs' concurred petition (Doc. 24) to approve settlement is GRANTED.

2. The proposed settlement of the instant matter—consisting of a total settlement payout of $20,000.00, counsel's fee of $4,629.42, and costs of $6,111.73—is APPROVED.

3. The proposed allocation of funds—100% wrongful death benefits and 0% survival action benefits—is AUTHORIZED.

4. Payment of attorneys' fees and costs, as set forth in paragraph 2, is AUTHORIZED to be made from the total settlement payout.

5. Payment of taxes owed by the Estate under New Jersey law is AUTHORIZED to be made from the total settlement payout.

6. Payment of funeral costs and the costs of raising the estate is AUTHORIZED to be made from the total settlement payout.

7. The petition (Doc. 24) is also construed as a motion to voluntarily dismiss this case in accordance with Federal Rule of Civil Procedure 41(a) and is GRANTED as so construed. The Clerk of Court shall CLOSE this case.

                                                /S/ CHRISTOPHER C. CONNER
                                                Christopher C. Conner
                                                United States District Judge
                                                Middle District of Pennsylvania